IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02117-PAB

TCF NATIONAL BANK,

    Plaintiff,

v.

PHILLIP WOLF, and
KATHLEEN WOLF,

    Defendants.

_____

**ORDER OF REMAND**
_____

This matter is before the Court on plaintiff TCF National Bank's motion to remand to state court [Docket No. 14]. On August 15, 2011, defendant Phillip Wolf filed a Notice of Removal [Docket No. 2].[1] Defendant attempts to remove two state court actions from the District Court for the County of Gilpin, Colorado (Case Nos. 2010CV33 and 2010CV40).[2] It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). In determining whether defendant, who is pro se, has met that burden, the Court construes his filings

---

[1] In his Notice of Removal, defendant purports to "correct[] the positioning of the parties" so that he and defendant Kathleen Wolf are no longer defendants. *See* Docket No. 2 at 2. He also attempts to join a number of additional parties as defendants. *See* Docket Nos. 3-11.

[2] The Court remanded Case No. 2010CV33 for lack of subject matter jurisdiction on July 19, 2010 after an earlier attempt by Mr. Wolf to remove it. *See TCF Bank v. Phillip Andrew Wolf*, Civ. Action No. 10-cv-01155-PAB, Docket No. 8.

liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant's only jurisdictional averments are that "this Court has original jurisdiction under 28 U.S.C. § 1331 and § 1443" and that this case "is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under (statute, constitutional provision, or other basis of federal question jurisdiction)." Docket No. 2 at 2 (emphasis omitted). These averments are not "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Not only does defendant fail to identify the federal question at issue, he has not even described the subject matter of the state court actions. Nor can the Court glean anything from his filings or the state court complaint in Case No. 2010CV40, which plaintiff has attached to its motion to remand, *see* Docket No. 14-2, that would provide federal question jurisdiction or any other basis for the Court to exercise jurisdiction over this case. *Cf.* Docket No. 2 at 1 (describing Case No. 2010CV40 as an "action for forced entry detainer").

Defendant has also filed a document entitled "Judicial Notice, Submission Under Seal" [Docket No. 12], which the Court construes as a request that all filings in this matter be docketed under seal. Defendant asserts that there will be "confidential commercial information contained within this matter." Docket No. 12 at 1. From a review of the filings to date, the Court has identified no such matter. Therefore, defendant's request will be denied.

For the foregoing reasons, it is

**ORDERED** that defendant's "Judicial Notice, Submission Under Seal" [Docket

No. 12], which the Court construes as a motion to seal all of the filings in this case, is DENIED. The Clerk of the Court shall unseal all filings in this case. It is further

**ORDERED** that, due to this Court's lack of subject matter jurisdiction, this case is REMANDED to the District Court for the County of Gilpin, Colorado, where it was originally filed as Case Nos. 2010CV33 and 2011CV40.

DATED August 15, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge